**Jack SPURLIN et al., Appellants,**

v.

**H. B. RANIER, d/b/a Ranier Construction Company, Appellee.**

Court of Appeals of Kentucky.

Jan. 30, 1970.

Rehearing Denied Sept. 25, 1970.

Joe Hobson, Prestonsburg, for appellants.

Clifford B. Latta, Burl W. Spurlock, Prestonsburg, for appellee.

DAVIS, Commissioner.

H. B. Ranier, d/b/a Ranier Construction Company, sued Jack Spurlin and Wabash Fire and Casualty Insurance Company in the Floyd Circuit Court, seeking recovery of $6,019.84 allegedly due to him from Spurlin and Wabash as a credit by reason of Ranier's overpayment of premium on a policy issued to Ranier by Wabash at the instance of Spurlin. Wabash and Spurlin challenged the jurisdiction of the Floyd Circuit Court and interposed the five-year statute of limitation, but the court rejected these defenses and entered judgment allowing Ranier the full relief sought. This appeal attacks that judgment on the same grounds which were presented in the trial court.

Spurlin operated an insurance agency in Louisville where he resides. He had a subordinate office in Prestonsburg where Ranier resides and does business. Wabash is an Indiana corporation. Ranier conducted a construction business and required extensive insurance of various types. He obtained insurance for his enterprises through Spurlin's office in Prestonsburg, including a policy issued on September 13, 1955, by Wabash identified as No. SL–1070, the basis of this controversy. Although no copy of that policy appears in the record, it is established without contradiction that it was a "schedule-liability" policy providing for advance premium computed on estimates of payroll disbursements. Ranier paid the premium on that policy to Spurlin who remitted to Wabash, deducting the appropriate commission which is not here involved.

Sometime before October of 1956, Wabash caused an audit to be made of the actual premium due on account of its Policy No. SL–1070 and determined that a credit of $6,019.84 was due by reason of overpayment at the inception date of the policy. Accordingly, Wabash issued its credit memorandum in that amount to Spurlin

from whom it had received the actual premium payment. In turn, Spurlin issued a credit memorandum in the same amount in favor of Ranier, but for reasons which do not clearly appear from the record, Ranier actually never received the credit. In fact, Ranier did not learn that he was entitled to such a credit until late in 1964.

Perhaps the theory of the appellants may be better understood by examination of the following excerpts from the brief filed by appellants on this appeal:

> "We do not question the fact that the Floyd Circuit Court would have venue of this action against Wabash Fire and Casualty Insurance Company if the appellee, Ranier, had any claim against Wabash Fire and Casualty Insurance Company as to any benefit due him under this policy.

> "This is not the basis of the suit. Ranier claims that he was entitled to a credit of $6,019.84 and that he did not receive such credit. The basis of Ranier's suit, therefore, is that of an implied contract, and it is well settled that such an action is transitory in nature and must be filed in the county where the defendants reside and have their place of business."

It seems to us that the premise upon which the appellants present their appeal is an untenable one.

The thrust of appellants' argument is that Wabash had no contractual relationship with Ranier; hence, the present suit may not properly be regarded as a suit on the policy. Obviously, Wabash did have a contractual relationship with Rainer— namely, the agreement to indemnify him pursuant to the terms of the policy which it admittedly issued to him. That same policy evidently provided by its terms that the exact amount of premium liability would be determined retrospectively with appropriate adjustments up or down de-

pending upon the true payroll experience vis-a-vis the estimated payroll. Wabash definitely recognized its obligation in the premises when it issued the credit memorandum originally. Likewise, Spurlin recognized the same obligation when he issued the undelivered credit memorandum. It is true that Ranier dealt through Spurlin, but those dealings were nevertheless dealings with Wabash because, admittedly, Spurlin was acting in the capacity of agent for the company. All parties recognized this since Wabash, not Spurlin, issued the insurance policy to Ranier. The premiums paid by Ranier patently covered the insurance afforded him by Wabash. It is just as apparent that the ultimate accounting between Wabash and Ranier respecting the correct premium was an integral part of the insurance policy.

■ In Home Insurance Company of New York v. Caudill, Ky., 366 S.W.2d 167, this court dealt with the effect of premium payments to an insurance agent as affecting the liability of the insurance company and said in part: "It is well settled that an insurance company cannot treat the contract as valid for the purpose of collecting the premium and invalid for the purpose of paying the indemnity." Id. 366 S.W.2d 170. It is our conclusion that the claim of Ranier was one which arose out of a transaction in Floyd County with an agent of Wabash and that the claim was based upon a contract between Wabash and Ranier which was made in Floyd County and to be performed there. Venue of such an action was properly laid in Floyd County. KRS 452.445 and 452.450.

■ Since the cause of action was predicated upon a contract in writing, the limitation period for commencement of the action was fifteen years after the accrual of it. KRS 413.090(2).

The judgment is affirmed.

All concur.